O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDUARDO HERNANDEZ, | ) | Case No. 2:21cv09885 DDP |
| | ) | [2:07cr01172(23) DDP] |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING MOTION UNDER 28** |
| | ) | **U.S.C. § 2255 TO VACATE, SET** |
| UNITED STATES OF AMERICA, | ) | **ASIDE, OR CORRECT SENTENCE** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Presently before the court is Defendant-Petitioner Eduardo Hernandez ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Having considered the submissions of the parties and the arguments advanced therein, the court denies the motion and adopts the following Order.

**I.   Background**

In December 2011, Defendant was charged in a Fourth Superseding Indictment with one count of Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); narcotics conspiracy, in violation of 21 U.S.C. § 846 (Count 2); and violent crime, specifically, murder, in aid of racketeering activity ("VICAR"), in violation of 18

U.S.C. § 1959 (Count 11).  The facts of the case are recounted more fully in United States v. Perez, 962 F.3d 420, 430 (9th Cir. 2020). In short, Petitioner served as a mid-level leader of a clique of a street gang that, under the direction of the Mexican Mafia prison gang, controlled drug distribution, extortion, and other illegal activities in the MacArthur Park neighborhood of Los Angeles. After an approximately ten-week trial, a jury convicted Petitioner on Counts 1 and 2, but failed to return a verdict on Count 11, resulting in a mistrial as to that VICAR murder count.  The jury also found that the RICO and drug conspiracies involved at least 280 grams of crack cocaine.

At sentencing, the court conservatively determined that the drug conspiracy of which Petitioner was a part was responsible for over 25.2 kilograms of crack cocaine, resulting in a base offense level of 38.  The court applied additional enhancements, including a firearm enhancement, sought by the government.  The court's guidelines calculation yielded a total offense level of 45, with a corresponding advisory guidelines range of life, regardless of criminal history category.  The court imposed a sentence of life.

Petitioner, along with several co-defendants, appealed his conviction and sentence.  Perez, 962 F.3d at 430, 444.  The Ninth Circuit affirmed.  Id.  Petitioner then filed the instant § 2255 motion, pro se.[1]

---

[1] Petitioner has not filed a Reply in support of his motion. Rather, following the filing of the government's opposition, Petitioner sought leave to amend his § 2255 petition, acknowledging "mistakes."  (Dkt. 13.)  The court granted Petitioner leave to amend, and provided him additional time to file an amended petition.  (Dkt. 14.)  The court sua sponte granted Petitioner a second extension as well.  (Dkt. 16.)  Petitioner did not, however,
(continued...)

**II.  Legal Standard**

Section 2255 allows federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255.  The Supreme Court has cautioned, however, "that § 2255 may not be used as a chance at a second appeal."  United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010) (citing United States v. Addonizio, 442 U.S. 178, 184 (1979)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation marks omitted)); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 2255 [] is not designed to provide criminal defendants multiple opportunities to challenge their sentence."). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error."  Johnson, 988 F.2d at 945; United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003).

**III. Discussion**

Petitioner argues that this Court (1) erroneously applied a "multiplier method" to determine drug quantity at sentencing; (2)

---

[1](...continued)
file an amended petition or a Reply in support of the operative petition.

3

improperly considered the alleged VICAR murder, even though the jury hung on that count; and (3) erroneously imposed a 2-level firearm enhancement.[2] (Motion at 1-2, 7-9.)  All of these arguments, however, were raised to the Ninth Circuit on direct appeal, and rejected. See Perez, 962 F.3d at 447 ("The district court properly utilized the multiplier method to calculate the amount of drugs Appellants were responsible for."), 455 ("[T]he court explicitly declined to consider the [VICAR murder] in its offense level calculation.  Instead, the court . . . [permissibly] reserved the [VICAR] murder for consideration among other [28 U.S.C.] § 3553(a) aggravating factors."); 451 ("[E]ven without the two-level firearm enhancement, the Guidelines range is the same. . . . Any effect on Hernandez's sentence was therefore harmless.").

    The Supreme Court has cautioned "that § 2255 may not be used as a chance at a second appeal." United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010) (citing United States v. Addonizio, 442 U.S. 178, 184 (1979)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation marks omitted)).  "The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) (per curiam); see also

---

[2] Petitioner also suggests that the sentence imposed was inconsistent with the Eliminating a Quantifiably Unjust Application of the Law ("EQUAL") Act of 2021.  That proposed legislation, however, was never enacted into law. See https://www.congress.gov/bill/117th-congress/senate-bill/79/all-info (indicating referral to Senate Committee on the Judiciary as last legislative action).

4

United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Petitioner is barred, therefore, from re-raising the claims set forth in the Petition.[3]

**IV. Conclusion**

For the reasons stated above, Petitioner's § 2255 motion is DENIED. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, his request for a certificate of appealability is denied. See 28 U.S.C. § 2255(c)(2).

IT IS SO ORDERED.

Dated: May 21, 2025

HONORABLE DEAN D. PREGERSON
United States District Judge

---

[3] Even if Petitioner's claims were not barred, they would fail for the reasons explained by the Ninth Circuit in Perez.

5